Richardson, Oh. J.,
delivered the opinion of the court:
The claimant was a hospital steward of the Army from February 18, 1864, to October 23,1889, when he was retired, after thirty years’ service, under the provision of the Act of February 14, 1885 (23 Stat. L., 305), superseded September 30, 1890 (1 Supp. Rev. Stat., 2d ed., ch. 1125, p. 810), by reenactment with proviso not material in this case.
Ever since then he has been upon the retired list. Under both acts an enlisted man serving as a private or as a non-commissioned officer became entitled upon retirement to “ thereafter receive seventy-five per centum of the pay and allowances of the rank upon which he was retired.”
In addition to the amount received since retirement the claimant seeks to recover, as commutation for fuel and quarters, $765.
It would not be necessary to determine whether or not the claimant would be entitled to recover were it not for the “Act making appropriations for the support of the Army for the year ending June 30,1888, and for other purposes” (24 Stat. L., 394, 399), which, under the head of “ Barracks and quarters,” *316 appropriated $620,000 tberefor, with many details, and contained the following clause: “And no part of any of the moneys so appropriated shall be paid for commutation of fuel and for quarters to officers or enlisted men,” which was repeated in every subsequent annual Army appropriation act.
In our opinion this prohibition is conclusive against the present claim.
The claimant’s learned counsel relies upon the fact that there is no express repeal of the above-mentioned acts of 1885 and 1890 upon which this action is founded, and he cites Langston's Case (21 C. Cls. R., 10, and 118 U. S., 389) in support of his position.
. It is the intention of Congress that must control in the construction of statutes. As we said in Byer’s Case (22 C. Cls. R., 63), “ express repeal is not the only way by which the intention and will of Congress to change existing laws may be enacted.” In several cases it has been held that salaries may be reduced otherwise than by express repeal. (Mitchell’s Case, 109 U. S., 146; Byer's Case, 22 C. Cls. R., 58; Frances's Case, 22 C. Cls. R., 403.)
The Supreme Court said, in the case of Langston:
“According to the settled rules of interpretation, a statute fixing an annual salary of a public officer at a named sum, without limitation as to time, should not be deemed abrogated or suspended by subsequent enactments which merely appropriated a less amount for the services of that officer for particular years, and which contained no words that expressly or by clear implication modified or repealed the previous law.”
There Congress merely appropriated a sum less than that specifically fixed by express statute for the salary of the office by name, without words which by clear implication modified or repealed the previous law.
The present case is entirely different. Here Congress did not make an appropriation insufficient to meet any specified salary, but did make an appropriation in the usual form for “ barracks and quarters,” out of which alone the claimant could have been paid under existing statutes, and then added the expressive clause that “ no part of any of the moneys so appropriated shall be paid for commutation of fuel and for quarters to officers or enlisted men.”
This was ail absolute prohibition and not a mere omission to make a sufficient appropriation. Had there been a like *317 prohibition, in any form, in the statute appropriating a sum for Langston’s salary less than that fixed by previous statute, it is not to be doubted that the decision would have been against the claimant.
As to the prohibitory clause, the claimant’s argument is:
“This is merely a limitation as to the manner of settlement, and not a prohibition of their allowances. It is simply a failure to provide for the payment of commutation from that particular fund, and does not operate against the payment of commutation of quarters to officers, which provision is made in another part of the bill. It does not take away the right to these allowances; it does not modify the retirement law nor existing regulations in regard to the amount of such allowances, and has no effect whatever beyond a change in the manner of settlement of accounts for quarters and fuel in case of enlisted men not serving at military posts.”
We are unable to concur in this argument. In our opinion such a prohibition in an appropriation act., forbidding payment out of the only appropriation applicable thereto, although inartistically expressed for that purpose, as clauses often are in appropriation acts, reaches beyond the mere manner of settlement, and for the year suspends the previous law.
It is further argued in the claimant’s brief that “it would certainly be extremely inconsistent on the part of Congress to prohibit in one paragraph the payment of commutation of quarters to officers and in another paragraph of the same bill provide for it, as is done in this instance.”
There would be great force in this argument if the two paragraphs were coextensive; but they are different. One prohibits payment of commutation of both fuel and quarters to all officers or enlisted men, and the other appropriates for commutation of quarters alone, not to all officers, but only “to commissioned officers on duty without troops at places where there are no public quarters.”
One provision must be taken as an exception to the other and not as an inconsistency of legislation.
But apart from this action of Congress it is evident that the claimant is not entitled to recover commutation for fuel and quarters. In the case of commissioned officers the Revised Statutes, section 1274, provide that they-“shall receive seventy-five per centum of the pay of the rank upon which they are retired.” The act 14th February, 1885, above quoted, adds *318 the word “allowances”iudesignatingtberetiredpayof enlisted men. The claimant, though a hospital' steward, was in law an enlisted man, and it was determined in the case of McKenna (23 C. Cls. R., 308) that this term “allowance” does not extend to fuel and quarters. He seeks to make a distinction between this case and the previous one by showing that a hospital steward when on duty has assigned to him a room and is supplied with fuel. But those things are not a fixed allowance attached to the office. They are only furnished when they are necessary for the due performance of a hospital steward’s duties. When he is not on duty and when he is not in service he is not entitled to them, and it follows that he can not recover commutation for them. They are not like clothing and subsistence, which every enlisted man is at all times entitled to receive so long as he remains in the service, and which are really payment in kind.
The term “allowances” was undoubtedly used in the statute to secure to the retired soldier three-fourths of his entire personal pay, including clothing and subsistence. There would be no propriety in extending the term to other things which were furnished to him during his active service, not as compensation, but to promote the due performance of his military duty.
The demurrer is sustained and the petition is dismissed.